is Smith v. Allbaugh. It's 17-5095. Good morning, Your Honors. I'm John Carlson on behalf of Mr. Smith. You'll recall Mr. Smith brought this habeas, the 2254 habeas action to vindicate his rights under Missouri v. Frey to revive or reinstate a lapsed plea agreement, which he says was never communicated to him by his first privately retained lawyer. The district court never reached, never considered the Frey claim because it ruled that the claim was procedurally defaulted in the state courts. And I suspect that we'll be talking for the next 29 minutes about the reasons and the implications of that default. But what's absolutely correct, Mr. Smith should have but did not bring this on direct, this claim on direct appeal. In fact, he brought no claim on direct appeal. He forfeited his direct appeal. Having not known about Frey until seven or eight months after the appellate window closed, when he filed a motion to reopen, file an untimely direct appeal, that was denied. And that ruling from the OCCA affirming the denial of the motion for an untimely appeal is the heart of this case. I suppose I'd like to begin where I want you to end, with a remand to the district court for an evidentiary hearing. But on the way, I want a ringing declaration, a holding that the quintessential function of a lawyer is not to know the law. That's too diffuse and too abstract. The core function of a lawyer is to know the legal significance of the facts. And that breach of that duty is what went wrong in Mr. Smith's representation. That mistake was made by his default. We're in cause and prejudice. I don't believe there are two ways to get to the merits. Cause and prejudice is one of them. That's what I would have done had I not been preceded by a better lawyer on this. The alternative is to declare or to rule that the OCCA procedural ruling was not independent of federal law. I don't know whether that is a procedural default. I guess on reflection, I say it's not a procedural default. It's an erroneous interpretation of federal law, but not a procedural default. Whether there's a difference there, I don't know. Okay. Well, for a moment, assume we're going down a cause and prejudice path. The cause that is relied on here is the cause is primarily that the defendant couldn't have been aware of this because his attorney didn't notify the court when he was standing there. Although he heard while he was standing at sentencing that for the first time by his allegations that there had been a 20-year plea offer, that no, at that time, the counsel didn't answer truthfully to the court when the claim, which I call the court part of the claim, that one, you didn't get a COA on. You've got on two of the claims, but not on the third, right? I think I disagree with that characterization. It's true. We did not get COA on the third claim, but that third claim was what I think we can call a direct Flores-Ortega violation. Well, and that's what I'm asking you, to the extent, can you rely on that third claim, for my shorthand purposes, I call the appeal claim, in support of your other two IAC claims, which I refer to as the plea claim and the court claim, that can you rely on the failure of counsel to advise the client that they would have had a legitimate appeal in advancing your other two claims that COA was granted on? Yes, I am. Do you understand my question? I do. I'm jumping out of my skin to hear say unequivocally, without hesitation, yes. The Flores-Ortega argument is not admittedly a claim. It is a means of showing cause and prejudice, and that is not a claim for relief. It is a means of excusing a defaulted claim, and it's a matter entirely of federal law. Okay. You still have to exhaust it, however, right? True. And did you hear? Mr. Smith sprayed this accusation in the state court. He put it into his district court motion. He put it into his appeal to the OCCA, and the it is, I wasn't informed by my second lawyer that I had a valid basis for reinstating this FRI claim. And since it wasn't a claim, I think your argument is you didn't have to worry about the timeliness of it either. Correct. At least that's how I read your reply. True. That's a different issue than exhaustion. It is, and I think one of the arguments that the state relies on is this cause and prejudice argument wasn't timely raised because Mr. Smith did not directly argue it in his pro se pleadings to Judge Frizzell. I think that's descriptively questionable as to its accuracy. I think, especially with a pro se generous interpretation, you can read his pleadings to Judge Frizzell as raising his cause. But I'll even stipulate he didn't. When a case arrives here, he might clearly is resting on cause and prejudice. And that is not a claim that has to be exhausted in the state court. And what you're asking for here is simply to be remanded for an evidentiary hearing to explore whether, in fact, there was a 20-year plea offer that was never communicated to the defendant. Precisely. Because I am the first to admit I don't have enough on this record to get the writ. There's a factual conflict on the core question. Was the 20-year plea offered and rejected? And Judge McKeon, I want to go back to something you said. You, I think, rightly have conceived of two claims on which you have COA. Well, you clearly do have. But I don't really have a lot of truck, well, truck, I don't have a lot of need for the second claim. The second claim, that is, my second trial lawyer failed to inform the trial, state trial judge, of the Frye violation, doesn't get, I was going to say me, doesn't get Mr. Smith anything that claim number one does. All you care about is the plea communication. Precisely. All I care about is the direct Frye claim against the first lawyer. The second lawyer is a means to an end. It was either procedurally defaulted or it wasn't an, OCCA didn't rely on an independent state law ground. Either way, the default is excused or you can reach the merits. And I'm perfectly happy if you reach the merits of the second claim. But I want a remand to focus like a laser on the first claim. With regard to prejudice, do you have to, what is your burden with respect to showing, if any, that the defendant, even though he turned down a 25-year plea, would have accepted a 20-year plea agreement? At the evidentiary hearing, I will have that burden. I will have to show a reasonable probability that I would have accepted the plea. Now, the fact that Mr. Smith accept, pled guilty when it was about 99% clear that he was going to get 30 years in prison is powerful evidence that he would have accepted a 20-year plea. I have no burden, however, to show prejudice on my cause and prejudice end run around procedural default because I'm relying entirely on Flores Ortega, which says in the event, the trial lawyer, and this is my one quibble with Judge Moritz's phrase of terminology. I call that second lawyer the trial lawyer. And it's important because it's on her shoulders that Flores Ortega said you must consult with your client if there's a reasonable basis for believing he would appeal. And if you breach that duty, prejudice is presumed because you have completely denied him a judicial proceeding. So the cause and prejudice end run around procedural default, I don't have any burden at this court to show prejudice. I have a big burden in Judge Frizzell's court, where I hope to be next. Thank you. I have no further questions. I have no further comments. You have a lot of questions. Good morning. May it please the court. My name is Ashley Willis. I represent Joe Albaugh, the respondent. I would like to start, if the court would allow, and not go straight to the cause and prejudice, but to discuss the independent of the procedural bar. Because it's important to discuss what petitioner raised to the Court of Criminal Appeals. And I disagree with Mr. Carlson's statement that he did tell the Court of Criminal Appeals that he was denied an appeal through no fault of his own because of ineffective assistance of counsel. The petitioner did not raise that. That claim was not raised until the motion to supplement in the district court after he filed his habeas petition alleging his two ineffective assistance of plea counsel claims. That claim, as you all have discussed, is time barred and unexhausted. What petitioner did raise to the Court of Criminal Appeals was, I was denied an appeal through no fault of my own because I didn't know the facts of grounds two and three. And grounds two and three were, Mr. Adams failed to convey the plea offer to me, the 20 year, and Ms. Grubel failed to tell the 20 year. Nowhere in petitioner's PC to the district court or to the Court of Criminal Appeals did petitioner make an ineffective assistance of counsel claim for failing to meet with him during that 10 days. Because petitioner did not raise that, the Court of Criminal Appeals decision that petitioner was not denied an appeal through no fault of his own did not in any way relate to an ineffective assistance of counsel claim. That their finding was based on the fact that petitioner was... What about on page 11 of his brief? Sorry, it took me a little bit to find my quote. Page 11 of his pro se brief. He first talks about the fact that he, you know, he specifically challenges the propriety of the OCCA's conclusion and he says, yet during this whole process, he, Smith, has asserted that he was not informed of his rights to have his original plea offer reinstated, which would truly hinder him from perfecting a timely appeal. I'm sorry, what were you reading from? His pro se brief, page 11. To the Court of Criminal Appeals? I believe so. Okay. He says, if a claim of error is made on constitutional grounds which could result in setting aside the plea or if the defendant inquires about an appeal right, counsel has a duty to inform. This duty arises when a counsel either knows or should have learned of his client's claim or the relevant facts giving right to that claim. Why isn't that sufficient? That is pretty good for a pro se brief, especially liberally construed. Liberally construing a pro se brief, that is accurate. We are to do that. But petitioner still has the burden to sufficiently raise his claim to the Court of Criminal Appeals so that they understand what claim he's raising. And that's grounds two and three where petitioner making that accusation, that's not his, no fault of my own. And as to a counsel knowing and having the duty to contact the petitioner about non-frivolous issues for appeal and such, the counsel has to be aware that there is a non-frivolous issue. And looking solely at the transcript, we don't know that, other than petitioner's self-serving statements, we don't know that Grubel knew of Mr. Adams' alleged failure to convey this alleged 20-year offer. So if she doesn't know of prior counsel's failure and petitioner doesn't tell her that after he hears the prosecutor say there's... Plenty of facts. That's a fact issue. There's plenty of facts to suggest that she did. Could you move on to the cause prejudice just because I think that's where we kind of want to focus at least today. You had a number of contentions. And I want to talk specifically about your arguments about exhaustion and timeliness. Well, timeliness in particular, I don't think you cite any authority to suggest that just because he doesn't have a standalone, because his standalone claim wasn't timely, which is what the district court found, that he can't, that nevertheless, that claim can't serve as cause and prejudice. Does that make sense? It does. And I didn't think you cited any authority to suggest it couldn't. You cited the same authority you cited under the exhaustion issue. Right. And I think that is accurate. I didn't cite authority. I do believe, though, it is more an exhaustion issue. Petitioner has never raised that claim to the Court of Criminal Appeals and thus he has not exhausted his cause. And cause... Let me see. I'm looking at the record, page 22, where he says, again, this pro se, he says, pleading, ground one for his application for an appeal out of time. He says, as a result of not being timely and properly informed, and he's talking about his other ineffective assistance of counsel claims, he also wouldn't be able to make an informed decision as to whether or not I should appeal in this case. That goes back, yes, but that goes back to he doesn't know the facts of the underlying ineffective assistance of counsel claims. Petitioner did know the facts of the underlying ineffective assistance of counsel claims. He knew that Mr. Adams never told him of a 20-year offer and he knew that Grubel did not tell the trial court that. As I understand his argument, it's that I knew, even if I knew the facts, I didn't know the legal consequences of those facts because my counsel never informed me of that and counsel had a duty to do so. Counsel has a duty to do so if counsel knows of the nonproliferous error on appeal. That's a fact question. Isn't that why we need an evidentiary hearing is to find out whether there ever was a 20-year offer that was not communicated? Yes, but could I answer your question of the facts versus the legal significance before I go to the evidentiary hearing? Petitioner, despite knowing the facts, that does not relieve the petitioner of the burden of doing something during those 10 days. Petitioner has not ever said that during those 10 days, he attempted to contact counsel to ask about this 20-year offer. There's nothing that petitioner did during those 10 days. Petitioner, despite knowing the facts, he still has a burden to do something. My recollection of the record is that the petitioner's allegation is that his counsel informed him that that offer was off the table and there was nothing that could be done. We have no evidence of that. We only have petitioner's statements of that. Which is why we need evidence, right? We would have to have that evidence, but petitioner also could have presented an affidavit other than his self-serving statements that he did tell her that. Petitioner actually did not use the no one told me I could have the plea reinstated until he got to the district court. And petitioner says that goes to his ground that he was not informed about an appeal. I still believe that during those 10 days, petitioner, maybe not knowing the legal significance, petitioner still should have contacted counsel and said, look, I have a desire to appeal. I want to know more about this. And yet he sat for 10 days knowing that that's the time in which he had to file a motion to withdraw. And by petitioner not doing anything with the facts that he knew, he still should have contacted or could have contacted counsel to discuss this with counsel. So he should have known that those facts that he knew were somehow significant to a potential appeal and he should have contacted his counsel and said, hey, I know some facts that might give me a basis for an appeal. What do you think? Sorry. Maybe not even knowing that there's legal significance to those facts. But if petitioner wanted that 20 year offer and something would have alerted him to, hey, nobody ever told me a 20 year offer, that's enough as a petitioner who wants less years than what he's going to be given or what he was given to contact counsel and say, what about this 20 year offer? He knew from Kevin Adams that all Adams ever got was a 25 year offer and that the state was not willing to offer anything less. So for petitioner to hear that there was a 20 year offer at the time, petitioner has a burden to do something during those 20 days. Even if he doesn't know the legal significance of the facts, he still has a burden to express a desire to appeal. And there's nothing in the record that petitioner did that. But as for factual issues, we do have to have an evidentiary hearing to resolve those factual issues. So you concede that an evidentiary hearing is appropriate here? I believe that petitioner has not given any evidence to rebut Ms. Grubel's statement that I was not aware of any offers other than the 20, 30 year offer and Mr. Adams' statement that I never received a 20 year offer. Well, you've got the transcript of the sentencing hearing when the 20 year offer gets spoken of and then the court says to counsel, basically, were you aware of this stuff and discussed it? And she says, yes, I was. I mean, that's enough to at least create, even without the allegations, isn't that enough to need to explore it further? It could be, but we don't know what other offers Ms. Grubel had or what discussion she had with the prosecutor to know what offer she was referring to. She knew that there was a 30 year offer and that she knew another offer had been rejected. And the 20 year offer stated by the prosecutor coincides with the offer that Adams states. Other than the difference of five years, Mr. Adams says, I received an offer of 25 years and dismissal of the co-defendant's case. And that's exactly, the prosecutor stated it's a 20 year offer with dismissal of co-defendant's case. So we believe it was a misstatement by the prosecutor as to what offer he had previously rejected. And it very well may have been, but that's not really for us in the appellate court to figure out, is it? It would be, we would need to have an evidentiary hearing for that. So you do concede that it should be remanded for an evidentiary hearing? If this court does not find the bars independent, which we still stand on the fact that the Court of Criminal Appeals bar was independent and adequate, and that petitioner cannot satisfy cause because that cause is exhausted and has not been raised to the state court as an independent claim. If this court has no further questions, thank you. Thank you. I'll be very brief by just saying a thought experiment. Let's imagine that rather than a pro se defendant, I represented Ted Olson or Erwin Chemerinsky. I would be making the exact same argument. The council has a constitutional duty to consult with her client, whether it's Antonio Smith or Erwin Chemerinsky, and explain to him or her the legal basis for a possible non-frivolous appeal. And even if we discount Mr. Smith's claim that he informed Ms. Grubel, his second lawyer, about the lapsed, uncommunicated plea a month before he pled, she surely knew at the plea hearing herself when she heard the prosecutor state that there had been a prior 20-year plea. The moment she heard that, the red flag should have gone off because she's about to enter a 30-year plea for her client, and she's just learned that a 20-year plea was offered. Flores-Ortega required her to consult with Mr. Smith about whether that 20-year plea was, in fact, communicated to him. That's Missouri v. Fry and Flores v. Ortega. Thank you. Thank you, counsel. We will take